**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 1:13-cr-285-LY |
| | § | |
| PHILLIP C. BROWN | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. Dkt. 49. The undersigned Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. Procedural Background**

On November 12, 2013, Defendant Phillip C. Brown was sentenced to 168 months imprisonment, followed by a three-year term of supervised release, for Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C); and to 120 months imprisonment, followed by a four-year term of supervised release, for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g); with the sentences on the two counts to be served concurrently. Dkt. 33. Mr. Brown's term of imprisonment ultimately was reduced to 96 months for each count, to be served concurrently. Dkt. 42. His supervision commenced on

1

November 20, 2020, and the Probation Office filed the Petition for Warrant or Summons for Offender under Supervision ("Petition") on October 4, 2021. Dkt. 49.

In the Petition, the Probation Office alleges that on September 1, 2021, Mr. Brown submitted to a random drug test, which rendered positive results for marijuana, cocaine, and amphetamines. *Id.* at 2. On September 21, 2021, Mr. Brown voluntarily signed an admission form admitting to using marijuana, cocaine, and amphetamines, and asked that his term of supervised release be revoked because he enjoys smoking marijuana and does not want to stop. *Id.* The Probation Office alleges that Defendant thus violated the following conditions of his Supervised Release:

- **Mandatory Condition No. 2:** "The defendant shall not unlawfully possess a controlled substance."

- **Mandatory Condition No. 7:** "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

*Id*. Mr. Brown orally waived his right to a preliminary revocation hearing at his initial appearance on October 15, 2021. A final revocation hearing is set for 11 a.m. on October 27, 2021, before the undersigned Magistrate Judge. Dkt. 57.

## II.  Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

On October 24, 2021, the parties submitted an Agreed Recommended Disposition in Final Revocation Proceeding and Waiver of Defendant's Appearance and Waiver of Hearing ("Agreed Recommended Disposition"). Dkt. 59. The Agreed Recommended Disposition states that Mr. Brown wishes to plead true to the violations alleged in the Petition. *Id.* at 1. The filing further states that Mr. Brown's counsel has reviewed the Petition and the Adjustment Summary prepared by the Probation Office with Mr. Brown and advised him of his right to a preliminary and final revocation hearing, including his rights to be physically present, and his rights under Fed. R. Crim. P. 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.* at 1-2. The Agreed Recommended Disposition states that, after consultation with counsel, Mr. Brown wishes to waive his right to be present at his revocation hearing and also wishes to waive the hearing. *Id.* at 2. The agreed filing further states:

> The parties have conferred in this case and agree that an appropriate resolution of this matter would be to accept Mr. Brown's plea of true to the violations alleged in the petition, revoke Mr. Brown's term of supervised release, sentence Mr. Brown to a period of incarceration of five (5) months, and find that no supervised release should follow. This disposition is favorable to Mr. Brown, as it is a sentence at the low end of the Guidelines, and the Government does not object it.

*Id.*

### III.  Findings of the Court

Based on the parties' agreement and the Agreed Recommended Disposition, as well as Mr. Brown's plea of "True" to the violations of Mandatory Conditions No. 2 and 7, the Court finds that Mr. Brown violated conditions of his supervised release by unlawfully possessing and using controlled substances.

3

## IV. Recommendations

Based on the agreement of the Government and the Defendant (Dkt. 59), the Court **RECOMMENDS** that Mr. Brown's supervised release be **REVOKED** and that he be sentenced to **five (5) months** incarceration, with no supervised release to follow.

## V. Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on October 25, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE